UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MONIQUE CROSS and AMERICA THOMAS,**
on behalf of themselves and all other persons similarly situated, known and unknown,

       Plaintiffs,

vs.

Case No:
Hon.
Mag. Judge

**DIVERSIFIED RESTAURANT HOLDINGS, INC.,**
a Michigan for-profit corporation,

       Defendant.
_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
Elaina Bailey (P82461)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*
_____/

**PLAINTIFFS' COMPLAINT AND JURY DEMAND**

1

NOW COME Plaintiffs Monique Cross ("Plaintiff Cross") and America Thomas ("Plaintiff Thomas"), by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, and for their Complaint against Defendant Diversified Restaurant Holdings, Inc. ("Defendant DRH"), hereby allege the following:

## INTRODUCTORY STATEMENT

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiffs are employees of Defendant DRH whose rights under this statute have been violated and they now seek to recover the benefits due to them from Defendant DRH under the FLSA as a result of Defendant DRH's failure to pay proper minimum and overtime wages to Plaintiffs.

2. Plaintiffs seek a declaration that their rights under the FLSA have been violated, an award of the unpaid wages owed to them, an award of liquidated damages in an amount equal to the unpaid wages owed to them, and an award of reasonable attorneys' fees and costs, as provided for in the FLSA, in order to compensate them for damages suffered and to ensure that they and future employees will not suffer as a result of such illegal conduct on the part of Defendant DRH in the future.

## JURISDICTION AND VENUE

3. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

4. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiffs reside in this District, worked for Defendant DRH in this District, and suffered the damages at issue in this District, and because Defendant DRH has significant business contacts within this District, and because the actions and events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

6. Plaintiff Cross is an adult citizen of the State of Michigan, who resides in this judicial district.

7. Plaintiff Thomas is an adult citizen of the State of Michigan, who resides in this judicial district.

8. Plaintiffs are current and former employees of Defendant DRH at its 1218 Randolph St, Detroit, MI 48226 location.

9. Defendant DRH is a for-profit Michigan corporation with its registered office address at 27680 Franklin Rd. Southfield, MI 48034.

10. Defendant DRH is the largest franchisee of Buffalo Wild Wings restaurants and has 65 Buffalo Wild Wings restaurants located in Florida, Illinois, Indiana, Michigan, and Missouri.[1]

11. The annual gross volume of sales made or business done by Defendant exceeds $500,000.00.

12. Beginning in 2014 and ending in 2015, Defendant DRH was the Defendant in another FLSA lawsuit. *Wolverton et. al. v. Diversified Restaurant Holdings, Inc.*, Case No. 14-cv-11333 (E.D. Mich. Mar. 31, 2014) (Exhibit A). The case was settled.

## STATEMENT OF MATERIAL FACTS

13. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

14. Plaintiffs are current and former employees that were employed by Defendant DRH to perform work at Defendant DRH's Buffalo Wild Wings restaurant located at 1218 Randolph St, Detroit, MI 48226 location.

15. Defendant DRH owns and operates 64 Buffalo Wild Wings restaurants in the states of Florida, Illinois, Indiana, Michigan, and Missouri.

---

[1] FAQ, DIVERSIFIED RESTAURANT HOLDINGS, INC., (last visited Mar. 6, 2018), http://www.diversifiedrestaurantholdings.com/investor-resources/faqs/default.aspx

16. In their employment with Defendant DRH, Plaintiffs are involved in the handling of goods, including perishable produce and food products, which move in interstate commerce.

17. Plaintiffs are employed by Defendant DRH as bartenders.

18. Plaintiffs allege that they, and other similarly situated tipped employees, spend a substantial amount time – significantly more than 20 percent of their time – for which they are paid the tipped rate performing untipped duties in violation of the FLSA.

19. In fact, Plaintiffs spend over 50 percent of their working time performing untipped tasks.

20. Upon information and belief, Defendant DRH does not employ a janitor at Plaintiffs' work site. Instead, Defendant DRH relies on its servers and bartenders to perform all necessary daily and weekly janitorial and maintenance functions.

21. Upon information and belief, this practice is standard in all Defendant DRH's Buffalo Wild Wings restaurants.

22. Plaintiffs and similarly situated tipped employees spent and continue to spend a substantial amount during a workweek, significantly more than 20 percent of their time. During that time, they are paid a sub-minimum, tipped wage rate performing untipped work unrelated to their tipped occupation.

23. Examples of the duties that Defendant DRH requires Plaintiffs and similarly situated tipped employees to perform that are unrelated to their tipped occupation or that are simply untipped work include: taking chairs down from the bar; wiping down the bar; wiping down the playmakers; wiping down the bar walls; cleaning the soda gun; setting up the draft bar station; filling sanitation buckets with formula; setting up trash cans; cutting and stock fresh fruit; filling ice bin with multiple buckets of ice; wiping out the coolers and the cabinets; wiping down liquor bottles, POS machines, and printers; wiping down menus; bussing the bar; taking out trash; refilling ice bin; and the most time consuming task is the washing of the glasses.

24. This is not an exhaustive list, but it provides illustrative examples of duties that Defendant DRH's tipped employees are required to do during their shifts while receiving a tipped wage rate.

25. These tasks are mandatory responsibilities for all bartenders to complete on a daily and weekly basis.

26. Plaintiffs and other similarly situated employees are often required to arrive prior to the restaurant opening to clients or to stay after the restaurant closes to clients, to perform some of these untipped duties. Plaintiffs are paid the sub-minimum tipped wage rate during these allotted time periods before opening and after closing. Additionally, these times are not nearly sufficient blocks of time to

perform the lengthy list of required janitorial and maintenance tasks; therefore, Plaintiffs must then perform these untipped janitorial and maintenance responsibilities throughout their bartending shifts.

27. When employees spend a significant amount of time performing duties unrelated to their occupation during their shifts the situation is known as having "dual jobs." 29 C.F.R. § 531.56(e).[2] As the federal regulations explain, the § 203(m) tip credit cannot be taken for hours spent in the dual job capacity. *Id.*

28. Additionally, the U.S. Department of Labor's Field Operations Handbook ("FOH") provides the authoritative interpretation of the dual jobs concept under the FLSA. In relevant part the FOH states,

> When an individual is employed in a tipped occupation and a non-tipped occupation, for example, as a server and a janitor (dual jobs), the tip credit is available only for the hours spent in the tipped occupation . . . where the facts indicate that the tipped employees spend a substantial amount of time (i.e., ***in excess of 20 percent of the hours in the tipped occupation in the workweek***) performing

---

[2] 29 CFR § 531.56(e): (e) Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

7

> such related duties, no tip credit may be taken for the time spent in those duties . . . Likewise, an employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation. For example, maintenance work (e.g., cleaning bathrooms and washing windows) are not related to the tipped occupation of a server; such jobs are non-tipped occupations. *In this case, the employee is effectively employed in dual jobs.*

(FOH, 30d00(f)) (emphasis added).

29. Defendant DRH availed itself of the tip credit provisions under the FLSA and paid Plaintiffs a sub-minimum wage for all hours that Plaintiffs worked for Defendant DRH, including the periods during which Plaintiffs were performing untipped duties in violation of the FLSA.

30. Because Defendant DRH used Plaintiffs and similarly situated employees to perform untipped duties for a substantial amount of time each workweek – in excess of 20 percent of their shifts in a workweek – Defendant DRH has lost its right to take the tip credit. Defendant DRH must pay the tipped employees working in these dual job circumstances the full minimum wage under 29 U.S.C. § 206.

31. Plaintiffs and similarly situated employees are owed the difference between the minimum wage and the sub-minimum wage they received as back wages under the FLSA for the time they spent working for Defendant DRH.

32. Plaintiffs also worked overtime hours while performing their dual job functions. Overtime wage rates are based on an employee's calculated regular wage

rate pursuant to 5 C.F.R. § 551.511. Thus, because Plaintiffs' regular wage rate was improperly determined, their overtime wage rate was also improperly calculated.

### COLLECTIVE ACTION ALLEGATIONS – VIOLATION OF THE MINIMUM AND OVERTIME WAGE PROVISIONS UNDER THE FLSA – DUAL JOBS

33. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

34. Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. §216(b).

35. Plaintiffs assert these claims on behalf of themselves and on behalf of all similarly situated tipped bartenders employed by Defendant DRH, who were not paid all compensation required by the FLSA during the relevant time period because of Defendant DRH's unlawful compensation policies and practices.

36. Plaintiffs seek to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All employees who worked at any time during the past three years as bartenders at Defendant DRH's Buffalo Wild Wings restaurants.

37. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendant

DRH's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all bartenders who meet the above description.

38. Upon information and belief, Defendant DRH has employed more than three hundred bartenders during the period relevant to this action.

39. The identities of these employees, as a group, are known only to Defendant DRH. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

40. Because these similarly situated bartenders are readily identifiable to Defendant DRH and may be located through its records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

41. Collective adjudication is appropriate in this case because the bartenders whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs are subject, including unlawful payment of sub-minimum wages for non-tipped work in excess of 20 percent of the hours worked in a workweek, unlawful application of the FLSA's tip credit provisions, and improper calculation of overtime wage rates.

## **COUNT I**

## **Violation of the Minimum Wage Provisions of the FLSA – Dual Jobs**

42. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

43. Plaintiffs are "employees" of Defendant, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant DRH "suffered or permitted" Plaintiffs to work for it.

44. Defendant DRH is Plaintiffs' "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiffs to work for it.

45. Defendant DRH is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

46. Defendant DRH is a covered employer under the FLSA and is required to comply with the requirements of the statute, including the minimum wage provision § 206.

47. Plaintiffs are not exempt from the minimum wage provision of the FLSA and therefore were entitled to the protections of the statute.

48. Defendant DRH violated the FLSA by requiring Plaintiffs and similarly situated employees to perform non-tipped work that is unrelated to their tipped

11

occupation, in excess of 20 percent of their workweek, while paying them less than minimum wage.

49. Therefore, Plaintiffs and similarly situated bartenders are entitled to damages under the FLSA.

WHEREFORE, Plaintiffs respectfully request that the court enter judgment against Defendant DRH and in favor of Plaintiffs, declare that Defendant DRH willfully violated the applicable tip credit and minimum wage provisions of the FLSA, and grant Plaintiffs compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to their compensatory damages and reasonable attorneys' fees and costs incurred in prosecuting this claim.

## COUNT II

### Violation of the Overtime Wage Provisions of the FLSA – Dual Jobs

50. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

51. Plaintiffs are "employees" of Defendant, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant DRH "suffered or permitted" Plaintiffs to work for it.

52. Defendant DRH is Plaintiffs' "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiffs to work for it.

53. Defendant DRH is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

54. Defendant DRH is a covered employer under the FLSA and is required to comply with the requirements of the statute, including the overtime provision § 207.

55. Plaintiffs are not exempt from the overtime wage provision of the FLSA and therefore were entitled to the protections of the statute.

56. Plaintiffs worked more than 40 hours in a workweek while employed with Defendant DRH.

57. Defendant DRH paid Plaintiffs insufficient overtime wages based on the improper calculation of Plaintiffs' regular pay rate pursuant to 5 C.F.R.§ 551.511.

58. Defendant DRH violated the FLSA by requiring Plaintiffs and similarly situated employees to perform non-tipped work that is unrelated to their tipped occupation, in excess of 20 percent of their workweek, while paying them less than minimum wage and calculating their overtime wages based on the sub-minimum tipped wage rate instead of the applicable minimum wage under 29 U.S.C. § 206.

59. Therefore, Plaintiffs and similarly situated bartenders are entitled to damages under the FLSA.

WHEREFORE, Plaintiffs respectfully request that the court enter judgment against Defendant DRH and in favor of Plaintiffs, declare that Defendant DRH willfully violated the applicable tip credit and overtime wage provisions of the FLSA, and grant Plaintiffs compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to their compensatory damages and reasonable attorneys' fees and costs incurred in prosecuting this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court grant the following relief:

A. The actions of Defendant DRH complained of herein be adjudicated, decreed, and declared a violation of Defendant DRH's obligations under the FLSA;

B. Find that Defendant DRH willfully violated the FLSA, and enter judgment in Plaintiffs' favor and accordingly against Defendant DRH;

C. Certify the federal-law claim in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendant DRH's tipped employees who are similarly situated to Plaintiffs;

D. Declare the rights of the parties and provide commensurate injunctive relief;

E. Award any compensatory damages due to Plaintiffs for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

F. Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

G. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant DRH due to its above-described improper conduct;

H. Award reasonable attorneys' fees and costs to Plaintiffs' counsel as allowed by applicable law and statute; and

I. Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of themselves and others similarly situated, and hereby demand a trial by jury of the above entitled matter.

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Omar Badr (P70966)
Elaina Bailey (P82461)
THE LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134

Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

Dated: June 21, 2018